NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY SCOTT RHULEN,<br><br>Plaintiff,<br><br>v.<br><br>LG CHEM AMERICA, INC., ENERGY CHEM AMERICA, INC., LG CHEM LTD, LG CORPORATION, LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., and LG IMPORT, INC.,<br><br>Defendants. | Civil Action No. 16-6924 (JLL) (JAD)<br><br>OPINION |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiff's cross-motion to amend the Complaint. (ECF No. 34). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court did not hear oral argument on Plaintiff's application. Upon careful consideration of the parties' submissions, and for the reasons stated below, Plaintiff's motion to amend is **GRANTED**.

I.     BACKGROUND

    *a. Factual Background*

This case arises from personal injuries to Plaintiff Anthony Scott Rhulen allegedly caused by the explosion of a lithium ion battery manufactured and distributed by Defendants (the "Battery"). (*See* D.E. No. 1, Complaint ("Compl.") ¶¶ 1-35). Plaintiff alleges that, on June 14, 2016, he boarded a passenger flight in Denver, Colorado that was headed to Los Angeles, California. (Compl. ¶ 17). Upon boarding the flight, Plaintiff was in possession of the Battery. (Compl. ¶¶

1

18-31). Shortly after boarding the flight, the Battery spontaneously combusted, causing injury to Plaintiff and damage to his personal property. (Compl. ¶¶ 32-25).

Plaintiff filed the instant action on October 11, 2016, alleging three causes of action under New Jersey law: violation of the New Jersey Products Liability Act (Count One); violation of the New Jersey Consumer Fraud Act (Count Two); and punitive damages (Count Three). (*See generally*, Compl.). He alleges that each Defendant was involved in placing the Battery into the "stream of commerce" in New Jersey, and has its principle place of business in the state. (Compl. ¶¶ 1-15; 25-32).

### b. *Procedural History*

On May 4, 2017, Defendants moved to dismiss the Complaint, arguing in part that Plaintiff's claims must be dismissed because New Jersey substantive law does not apply to the instant action. (*See generally* ECF No. 16, Defendant's motion to dismiss the Complaint). On June 21, 2017, Plaintiff opposed and cross-moved to amend the Complaint. (ECF No. 34-7, Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss and in Support of Cross-Motion to Amend, ("Pl. Mov. Br.")). On June 22, 2017, Chief Judge Linares administratively terminated Defendants' motion to dismiss pending resolution of Plaintiff's cross motion to amend, and referred the cross-motion to this Court for resolution. (ECF No. 35).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) governs a party's request for leave to amend a complaint and states, in pertinent part, that a party may amend its complaint after obtaining the Court's leave. Fed. R. Civ. P. 15 (a)(2); *see also Rivera v. Valley Hospital, Inc.*, No. 15-5704,

2017 WL 916436 at *2 (D. N.J. March, 08 2017) (quoting Wright & Miller § 1484, at 676). The Rule directs that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2).

District Courts are vested with the broad discretion to grant or deny a motion for leave to amend under Rule 15(a), *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993) (noting "the grant or denial of leave to amend is a matter committed to the sound discretion of the district court"), and must exercise that discretion in light of "Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." *Voilas et al. v. General Motors Corp., et al.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted). Indeed, the granting of leave to amend is liberally favored where it would "promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of the other party to the action." *Klages v. Sperry Corp.*, No. 83-3295, 1986 WL 7636, at *2 (E.D. Pa. July 8, 1986) (citing 6 *Wright & Miller* § 1504 n.94).

Among the reasons a court may deny leave to amend are unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 107-08 (3d Cir. 2002). A proposed amendment "is futile if the amended complaint would not survive a motion to dismiss." *County of Hudson v. Janiszewski*, 351 F. App'x 662, 666 (3d Cir. 2009). However, "[g]iven the liberal standard for the amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Marjam Supply Co. v. Firestone Bldg. Prod. Co., LLC*, No. 11-7119, 2014 WL 1343075, at *3 (D.N.J. Apr. 4, 2014) (internal quotation marks omitted).

## III. DISCUSSION

Plaintiff moves for leave of the Court to amend the Complaint. Through his proposed amendment, Plaintiff does not seek to add any parties or substantive allegations to this case; rather, Plaintiff proposes several clarifying additions and removes several theories of liability and causes of action.

Upon review of Plaintiff's proposed amended complaint, the Court has identified three separate categories of proposed changes. First, Plaintiff seeks to add the phrase "of its batteries" to several factual allegations, specifying in more detail the alleged nature of Defendants' contacts with New Jersey. (*See* E.C.F. No. 46, Redline of Proposed Amended Complaint ("Redline") ¶¶ 25-31). Second, Plaintiff seeks to remove several theories of liability asserted under Count One—including "negligence, breach of implied warranty of merchantability, breach[ of] the implied warranty of fitness, strict liability[1], failure to warn and/or inadequate warning . . ." (Redline ¶¶ 65-71). And third, Plaintiff seeks to remove Count Two (violation of the New Jersey Consumer Fraud Act) in its entirety. (Redline ¶¶ 73-77).

Defendants do not specifically contest any of these three categories of proposed amendments. (*See* E.C.F. No. 40-3, Defendants' brief in opposition to cross-motion to amend ("Def. Opp. Br.") 7-10). Rather, Defendants argue that the proposed amendments would be futile because the substantive allegations that would remain in this case nonetheless fail to state a claim, for the same reasons outlined in Defendants' motion to dismiss the operative Complaint. (*See id.*). Specifically, Defendants contend that the remaining substantive Count in Plaintiff's proposed amended complaint—violation of New Jersey's Products Liability Act—continues to improperly

---

[1] Notably, Plaintiff chose *not* to remove a reference to a "strict liability" theory of liability later on in each relevant paragraph. (*See* Redline ¶¶ 65-71). As such, it appears that the removal of the term "strict liability here is merely a cosmetic change to the Complaint.

4

assert New Jersey law, though choice-of-law analysis would mandate the application of a different jurisdiction's substantive law. (*See id.* at 8-9 (citing, *inter alia*, *Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 255 (3d Cir. 2010)).

While Defendants' choice-of-law argument may ultimately be shown as meritorious, the Court is hesitant to preclude Plaintiff from either clarifying the nature of certain factual allegations or from voluntarily withdrawing any theories of liability at this juncture. Indeed, Plaintiff's proposed withdrawal of Count Two along with certain theories of liability in Count One would streamline the parties' dispositive briefing by removing certain issues from contention, thus promoting the "speedy disposition" of the case. *See Klages*, 1986 WL 7636, at *2. Permitting such amendments would not prejudice Defendants in any way or otherwise cause any substantial delay in the litigation. *Id.*

Regarding Plaintiff's proposed amendments to Paragraphs 25-31, such additions similarly cause no prejudice or delay, and are at worst "neutral" in altering the District Court's consideration of Defendant's dispositive arguments regarding Count One. Thus, even if the District Court ultimately grants Defendants' dispositive motion on choice-of-law grounds, the above analysis shows that granting Plaintiff leave to amend at this time nonetheless serves the interests of justice by *decreasing* the time and resources required for the District Court to reach such a dispositive result.

Accordingly, while this Court may, in its discretion, deny leave to amend based on dispositive arguments presented by a defendant, the Court declines to do so here in the interest of justice.[2]

IV. **CONCLUSION**

The Court, therefore, having considered the parties' submissions, finds that Plaintiff's motion to amend, (ECF No. 34), is **GRANTED**. An appropriate form of Order accompanies this Opinion.

_____ 1/22/18
JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Jose L. Linares, U.S.D.J.

---

[2] Furthermore, it may fairly be said that the sufficiency of the original Complaint's *un-amended* legal claim is not presently before this Court for consideration. Plaintiff's motion calls for the Court to decide which, if any, of Plaintiff's proposed amendments are futile. However, Defendant's futility arguments in opposition attack only the original Complaint's remaining *un-amended* legal claim: the application of New Jersey's Products Liability Act to the alleged injury. As such, even if Plaintiff's proposed amendments did not so promote the speedy resolution of this litigation, the Court would nonetheless be foreclosed from considering Defendant's futility arguments in opposition. *See Danise v. Saxon Mortg. Servs., Inc.*, No. 15-6062, 2016 WL 4769733, at *8 (D.N.J. Sept. 12, 2016) ("Although the Court considers whether an amendment is futile based on whether it would survive a motion to dismiss, the Court must consider whether the amendment itself is futile, not the claims in the original Complaint.") (internal citation omitted).