NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY SCOTT RHULEN,<br><br>Plaintiff,<br><br>v.<br><br>LG CHEM AMERICA, INC. *et al.*,<br><br>Defendants. | Civil Action No.: 16-6924 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant LG Chem Ltd.'s Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 59). Plaintiff has submitted Opposition to Defendant's Motion (ECF No. 67), which Defendant has replied to. (ECF No. 68). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court denies the Motion to Dismiss.

### I.     BACKGROUND[1]

The detailed facts underlying this action are not relevant to the disposition of the current application before the Court. As such, the Court sets forth only the relevant facts necessary to dispose of Defendant's pending Motion to Dismiss.

---

[1] This background is derived from Plaintiff's First Amended Complaint (ECF No. 50 ("FAC")), which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

Plaintiff, a citizen of the State of California, brings this action to recover damages under New Jersey's Products Liability Act ("NJPLA"). (FAC ¶¶ 1, 36-72). Defendant is a domestic and/or foreign corporation with a principle place of business in the State of New Jersey. (FAC ¶¶ 6-7). This action revolves around an allegedly exploding cell phone battery that caused Plaintiff to sustain personal injuries while he was boarding a flight in Denver, Colorado. (FAC ¶¶ 17-34). Subsequently, Plaintiff brought this two count action asserting the following claims: 1) Violation of the NJPLA; and 2) for punitive damages. (Compl. ¶¶ 36-77).

Defendant now moves to dismiss Plaintiff's FAC, arguing that Defendant cannot be held liable for violation of the NJPLA because it has no connection to the State of New Jersey. (ECF No. 59-1 ("Def. Mov. Br.") at 9-12). Plaintiff opposes Defendant's Motion asserting that Defendant has substantial corporate activity in New Jersey, such that it is subject to the general jurisdiction in this district. (ECF No. 67 ("Pl. Opp. Br.") at 5-10).

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(6)

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit,

the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## B. General Jurisdiction

"'[G]eneral jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state.' This is a fact-specific inquiry, and the 'nonresident's contacts to the forum must be continuous and substantial' to support the exercise of general jurisdiction." *Arpaio v. Dupre*, 527 F. App'x 108, 113 (3d Cir. 2013) (internal citations omitted). In recent years, the United States Supreme Court has offered guidance on the level of "continuous and substantial" contacts that might justify the exercise of general or "all purpose" jurisdiction.

In *Goodyear Dunlop Tires Operations v. Brown* the Court addressed a situation in which the foreign subsidiaries of an American corporation challenged a North Carolina court's exercise of personal jurisdiction over them. 564 U.S. 915 (2011). A unanimous Court discussed the parameters of general jurisdiction, writing that "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* at 924. The Court reiterated the principal that "[a] corporation's 'continuous activity of some sorts within a state' . . . 'is not

enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" *Id.* at 927 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 318 (1945)). The Court further noted that neither regular purchases of goods from a state nor the sales of goods to a state were sufficient, in themselves, to subject an entity to general jurisdiction on claims unrelated to the sales/purchases. *Id.* at 927-28 (citing *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 418 (1984)). As the Defendant subsidiaries in Goodyear had only "attenuated" contacts with the state (*i.e.*, their products were sold into the state via intermediaries)[2] and were "in no sense at home in North Carolina," the Court found that the subsidiaries were not subject to general jurisdiction in North Carolina's courts. *Id.* at 929.

The Supreme Court confirmed the narrow applicability of the general jurisdiction doctrine in *Daimler AG v. Bauman*, 571 U.S. 117 (2014). In *Daimler*, the Court rejected a formulation of the doctrine that would "approve the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business,'" characterizing that broad definition as "unacceptably grasping." *Id.* at 119 (internal citation omitted). The Court observed that "the inquiry under Goodyear is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State.'" *Id.* at 138-39 (quoting *Goodyear*, 564 U.S. at 919). The Court also clarified that "the general jurisdiction inquiry does not 'focus solely on the magnitude of the defendant's in-state contacts.' General jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that

---

[2] The *Goodyear* Court also specified that while the "[f]low of a manufacturer's products into a forum . . . may bolster an affiliation germane to *specific* jurisdiction . . . ties serving to bolster the exercise of specific jurisdiction do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant." *Id.* at 927 (emphases in original).

4

operates in many places can scarcely be deemed at home in all of them. Otherwise 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Id.* at 139 n. 20. The Court ultimately found that there was "no basis to subject Daimler to general jurisdiction in California, for Daimler's slim contacts with the State hardly render it at home there." *Id.* at 118-19.

### C. Specific Jurisdiction

"Specific jurisdiction is established when a non-resident defendant has 'purposefully directed' his activities at a resident of the forum and the injury arises from or is related to those activities." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985)). In other words, specific jurisdiction exists where the "cause of action arises out of [t]he defendant's forum-related activities, such that the defendant should reasonably anticipate being haled into court in that forum." *Abel v. Kirbaran*, 267 F. App'x 106, 108 (3d Cir. 2008) (internal citations and quotations omitted).

Three elements must be met to establish specific jurisdiction. *HS Real Co., LLC et al. v. Sher*, 526 F. App'x 203, 206 (3d Cir. 2013). First, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum. *Id.* Second, "plaintiffs' claims must arise out of or relate to at least one of the contacts with the forum." *Id.* (internal citations and quotations omitted). Third, the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).

Because the existence of specific jurisdiction depends on a link between the defendant's activity and the resulting harm, a specific jurisdiction analysis is necessarily claim specific. *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) ("Such a determination is claim specific

because a conclusion that the District Court has personal jurisdiction over one of the defendants as to a particular claim asserted by [plaintiff] does not necessarily mean that it has personal jurisdiction over that same defendant as to [plaintiff]'s other claims.").

### III. ANALYSIS

Preliminarily, the Court finds that there is no basis for specific jurisdiction in this matter. This is because the alleged injury sustained by Plaintiff did not occur within the State of New Jersey. As such, Defendant cannot be subjected to specific personal jurisdiction in this District. *Gen. Elec. Co.*, 270 F.3d at 150. However, Plaintiff's FAC contains sufficient allegations that, if true, would subject Defendant to general personal jurisdiction in this District. For example, Plaintiff alleges that Defendant has a principle place of business in the State of New Jersey. (FAC ¶¶ 6-7). Plaintiff also alleges that Defendant "placed the battery into the stream of commerce and derived substantial revenue from sale and distribution of its batteries in the State of New Jersey." (FAC ¶ 26). These allegations, if true, could subject Defendant to general personal jurisdiction in this District, as Defendant could be found to be "at home" in New Jersey.

Being subject to general jurisdiction in New Jersey would also mean that Defendant would be subject to the NJPLA. *See Daimler*, 571 U.S. at 127 (stating that a court may hear any and all claims against a corporation when it is subject to that court's general jurisdiction) (quotations omitted). Unfortunately, Plaintiff's FAC contains sufficient allegations such that the Court gleans the possibility of general jurisdiction, but does not contain sufficient allegations for it to firmly conclude that general jurisdiction is present. Accordingly, the Court finds that it would be beneficial for the parties to engage in jurisdictional discovery in order to ascertain whether Defendant is "at home" in New Jersey. Therefore, the Court will deny Defendant's Motion to

because a conclusion that the District Court has personal jurisdiction over one of the defendants as to a particular claim asserted by [plaintiff] does not necessarily mean that it has personal jurisdiction over that same defendant as to [plaintiff]'s other claims.").

### III. ANALYSIS

Preliminarily, the Court finds that there is no basis for specific jurisdiction in this matter. This is because the alleged injury sustained by Plaintiff did not occur within the State of New Jersey. As such, Defendant cannot be subjected to specific personal jurisdiction in this District. *Gen. Elec. Co.*, 270 F.3d at 150. However, Plaintiff's FAC contains sufficient allegations that, if true, would subject Defendant to general personal jurisdiction in this District. For example, Plaintiff alleges that Defendant has a principle place of business in the State of New Jersey. (FAC ¶¶ 6-7). Plaintiff also alleges that Defendant "placed the battery into the stream of commerce and derived substantial revenue from sale and distribution of its batteries in the State of New Jersey." (FAC ¶ 26). These allegations, if true, could subject Defendant to general personal jurisdiction in this District, as Defendant could be found to be "at home" in New Jersey.

Being subject to general jurisdiction in New Jersey would also mean that Defendant would be subject to the NJPLA. *See Daimler*, 571 U.S. at 127 (stating that a court may hear any and all claims against a corporation when it is subject to that court's general jurisdiction) (quotations omitted). Unfortunately, Plaintiff's FAC contains sufficient allegations such that the Court gleans the possibility of general jurisdiction, but does not contain sufficient allegations for it to firmly conclude that general jurisdiction is present. Accordingly, the Court finds that it would be beneficial for the parties to engage in jurisdictional discovery in order to ascertain whether Defendant is "at home" in New Jersey. Therefore, the Court will deny Defendant's Motion to

Dismiss, without prejudice, and with leave to refile same after the conclusion of jurisdictional discovery, and after receiving permission from the Magistrate Judge.

## IV. CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss is denied, without prejudice. An appropriate Order accompanies this Opinion.

DATED: May 15, 2018

JOSE L. LINARES
Chief Judge, United States District Court